UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

RENE G. MYLES, JR.,

    Plaintiff,

v.                                               Case No. 1:25cv176-MW-HTC

N. NELSON, et al.,

    Defendants.
_____/

## REPORT AND RECOMMENDATION

Plaintiff Rene G. Myles, Jr., a prisoner proceeding *pro se* and *in forma pauperis*, has filed a civil rights complaint under 42 U.S.C. § 1983 alleging the Defendants violated the Eighth Amendment by placing him on property restriction for 72 hours. After reviewing the complaint, the undersigned concludes this case should be DISMISSED WITHOUT PREJUDICE for failure to state a claim because being placed on property restriction for 72 hours does not constitute cruel and unusual punishment.

**I.    Background**

Myles sues two employees at Cross City Correctional Institution, Officer N. Nelson and Sergeant Thagard. Myles alleges that on May 3, 2025, Nelson and Thagard searched his cell and claimed he had two torn sheets and had altered the vent. Nelson and Thagard accused Myles of destroying state property and placed

him on property restriction for 72 hours, leaving him with only his boxers and socks. Myles asserts he did not receive a disciplinary report regarding the incident, and he was placed on property restriction "for no apparent reason."

Based on the foregoing, Myles alleges Nelson and Thagard violated the Eighth Amendment by subjecting him to cruel and unusual punishment. As relief, he seeks $10,000.

## II.   Legal Standard

Because Myles is a prisoner proceeding *in forma pauperis* and seeking relief from government employees, the Court must dismiss his complaint, or any portion thereof, if it determines it is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. *See* 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b). To state a claim, Myles must plead factual content which allows the Court to draw the reasonable inference the Defendant is liable for the misconduct alleged. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The Court must liberally construe his *pro se* allegations, *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972), but conclusory allegations and legal conclusions couched as factual allegations are not entitled to a presumption of truth. *Iqbal*, 556 U.S. at 681; *Papasan v. Allain*, 478 U.S. 265, 286 (1986).

## III.   Discussion

### A.   Myles has not stated an Eighth Amendment conditions-of-confinement claim.

The Constitution requires prison officials to protect an inmate's safety through reasonable measures and provide adequate food, clothing, shelter, and medical care; but the Constitution does not mandate comfortable prisons. *Alfred v. Bryant*, 378 F. App'x 977, 979 (11th Cir. 2010). To prove the conditions of his confinement violated the Eighth Amendment, a prisoner "must demonstrate, as a threshold matter, that he suffered a deprivation that was, 'objectively, sufficiently serious.'" *Wade v. McDade*, 106 F.4th 1251, 1262 (11th Cir. 2024) (quoting *Farmer v. Brennan*, 511 U.S. 825, 834 (1994)). The prisoner "must show that extreme conditions created an unreasonable risk—one that society chooses not to tolerate—of serious damage to the detainee's future health or safety." *Ellis v. Pierce Cnty., Ga.*, 415 F. App'x 215, 217 (11th Cir. 2011) (cleaned up and citations omitted); *see also Hudson v. McMillian*, 503 U.S. 1, 9 (1992) ("[E]xtreme deprivations are required to make out a conditions-of-confinement claim.").

Here, the allegation that Myles was housed in his cell in only his boxers and socks for 72 hours does not show he experienced an extreme deprivation that posed an unreasonable risk of serious harm to him. Indeed, the Eleventh Circuit has held placement on property restriction for limited periods of time is not sufficient to establish the objective component of an Eighth Amendment conditions-of-confinement claim. *See Woodson v. Whitehead*, 673 F. App'x 931, 932 (11th Cir. 2016) ("Confinement without clothing (other than boxers), bedding, or hygienic

materials for 72 hours during the months of April and August in Florida is not the type of extreme prison conditions that create a substantial risk of serious harm."); *Turner v. Warden, GDCP*, 650 F. App'x 695, 701-02 (11th Cir. 2016) (allegation that prisoner "was left in a strip cell for ten days without clothing" did "not rise to the level of cruel and unusual deprivations"). Thus, even assuming Nelson and Thagard placed Myles on property restriction "for no apparent reason," their conduct did not violate the Eighth Amendment. *See Chandler v. Crosby*, 379 F.3d 1278, 1295 (11th Cir. 2004) ("a prisoner's mere discomfort, without more, does not offend the Eighth Amendment").

### B. Myles has not stated a Fourteenth Amendment due process claim.

The allegation that Nelson and Thagard placed Myles on property restriction without issuing him a disciplinary report could be liberally construed as raising a due process claim. However, being placed on property restriction for 72 hours does not impose the sort of "atypical and significant hardship … in relation to the ordinary incidents of prison life" necessary to implicate a liberty interest protected by the Due Process Clause. *See Sandin v. Conner*, 515 U.S. 472, 484 (1995); *see also Smith v. Deemer*, 641 F. App'x 865, 868 (11th Cir. 2016) ("[T]he Due Process Clause 'does not protect every change in the conditions of confinement having a substantial adverse impact on the prisoner.'") (quoting *Sandin*, 515 U.S. at 478); *Rodgers v. Singletary*, 142 F.3d 1252, 1253 (11th Cir. 1998) (holding 60 days of administrative

confinement was not an atypical and significant hardship). Thus, Myles has failed to state a due process claim. *See Chambers v. Santiago*, 2021 WL 6753554, at *4 (N.D. Fla. Nov. 9, 2021), *report and recommendation adopted*, 2022 WL 267797 (N.D. Fla. Jan. 27, 2022) ("Because the property restriction did not deprive Plaintiff of a liberty interest, he was not entitled to any form of due process prior to being placed in such restriction."); *Woodson v. Whitehead*, 2016 WL 9226437, at *4 (M.D. Fla. May 4, 2016) ("To the extent Plaintiff is raising a due process claim because he was immediately confined in a type of management confinement (property restriction or strip) after the rule infraction (disobeying a verbal order), the alleged actions of the Defendants did not impose an atypical and significant hardship on Plaintiff in relation to the ordinary incidents of prison life.").

Accordingly, it is RECOMMENDED:

1.  That this case be DISMISSED WITHOUT PREJUDICE under 28 U.S.C. § 1915(e)(2)(B)(ii) due to Myles' failure to state a claim on which relief may be granted.

2.  That the clerk close the file.

At Pensacola, Florida, this 30th day of June, 2025.

/s/ Hope Thai Cannon
**HOPE THAI CANNON**
**UNITED STATES MAGISTRATE JUDGE**

## NOTICE TO THE PARTIES

Objections to these proposed findings and recommendations must be filed within **fourteen (14) days** of the date of the Report and Recommendation. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control.</u> An objecting party must serve a copy of its objections upon all other parties. A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions. *See* 11th Cir. Rule 3-1.

Case No. 1:25cv176-MW-HTC